*680
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM
 
 *
 

 |! Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Maldrick Bright,
 
 [1]
 
 an attorney licensed to practice law in the States of Louisiana and Florida, based upon discipline imposed by the Supreme Court of Florida.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 On October 29, 2003, the Supreme Court of Florida issued an order suspending respondent from the practice of law on an interim basis.
 
 The Florida Bar v. Bright,
 
 966 So.2d 969 (Fla.2003). In its order, the Florida court concluded respondent engaged in professional misconduct based upon evidence that she misappropriated client funds.
 

 After her interim suspension, respondent continued to practice law and to collect legal fees. She also failed to inform her clients of her interim suspension. Additionally, respondent failed to communicate with her clients, presented forged documents to the court, entered into an insurance settlement without her client’s consent, and entered into a prohibited arrangement for a contingency fee in a criminal case. Many of respondent’s clients were victimized by loss of legal rights, and were 12vulnerable because of advanced age, incarceration, or lack of understanding of the judicial process. In total, respondent committed fifty-three rule violations in nine separate client complaints.
 

 Following a hearing, the Supreme Court of Florida disbarred respondent and ordered her to pay restitution totaling more than $20,000.
 
 The Florida Bar v. Bright,
 
 957 So.2d 636 (Fla.2007).
 

 After receiving a letter in which respondent sought reinstatement from her ineligibility to practice law in Louisiana,
 
 [2]
 
 the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of the Supreme Court of Florida. On June 23, 2010, this court rendered an order giving respondent thirty days to raise any claim, predicated upon the
 
 *681
 
 grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent timely filed an opposition with this court in which she asserted that the allegations of misconduct against her were unsupported and that the sanction imposed by the Florida Bar was unduly harsh.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
 

 Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that
 

 |3(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 (3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
 

 (4) The misconduct established warrants substantially different discipline in this state; or
 

 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 In the instant case, respondent has made no showing of infirmities in the Florida proceeding, nor do we discern any from our review of the record.
 
 [3]
 
 Furthermore, we find no extraordinary circumstances which warrant deviation from the sanction imposed by the Supreme Court of Florida. We have held that only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.
 
 In re: Aulston,
 
 05-1546 (La.1/13/06), 918 So.2d 461.
 

 Applying the factors set forth in Supreme Court Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by the Supreme Court of Florida. Considering that we share authority over respondent with Florida, we will defer to that state’s determination of discipline.
 
 See, e.g., In re Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the factions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will impose reciprocal discipline of disbarment pursuant to Supreme Court Rule XIX, § 21.
 

 DECREE
 

 Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is
 
 *682
 
 ordered that Maldrick Bright, Louisiana Bar Roll number 19888, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Respondent has been ineligible to practice law in Louisiana since August 14, 2000 for failure to comply with the mandatory continuing legal education requirements. She is also ineligible for failing to pay bar dues and the disciplinary assessment, and for failing to file a trust account disclosure form.
 

 [2]
 

 . Apparently, the ODC was not previously notified of the order of suspension or the disbarment.
 

 [3]
 

 . The ODC obtained the entire record of the Florida disciplinary proceeding and has filed it with this court.